# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEYONTAE CORNAIL STINSON,<br><br>      Plaintiff,<br><br>v.<br><br>WISCONSIN DEPARTMENT OF CORRECTIONS, KEVIN A. CARR, CHRISTOPHER STEVENS, JOHN/JANE DOES, JOHN DOE, JOHN DOE, and JANE DOE,<br><br>      Defendants. | Case No. 25-CV-25-JPS<br><br><br>**ORDER** |

  Plaintiff, Deyontae Cornail Stinson, a prisoner proceeding pro se and confined at Green Bay Correctional Institution ("GBCI") , filed a civil rights complaint along with multiple other plaintiffs. *See* ECF No. 1. On January 7, 2025, the Court severed the plaintiffs' case and Plaintiff Stinson now proceeds as the sole plaintiff in this case. ECF No. 2. In doing so, the Court granted Plaintiff's motion to proceed without prepayment of the filing fee and ordered Plaintiff to file an amended complaint as to his individual claims that he personally experienced. *Id.* This Order screens Plaintiff's amended complaint, ECF No. 5.

1. **FEDERAL SCREENING STANDARD**

  Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. **PLAINTIFF'S ALLEGATIONS**

Plaintiff brings his amended complaint against Defendants Wisconsin Department of Corrections ("DOC"), Kevin A. Carr ("Carr"), Christopher Stevens ("Stevens"), and John/Jane Does ("Does") ECF No. 5

at 1. Plaintiff alleges systematic deficiencies with DOC's dental care for inmates. *Id.* at 2. Specifically, Plaintiff takes issue with DAI policy and procedure 500.40.21 that allows inmates to wait eight weeks for emergency dental care. After Plaintiff's inmate complaint appeal was affirmed, Plaintiff's dental care continued to be delayed. *Id.* Does were responsible for making changes to Plaintiff's care and scheduling his appointments. *Id.* Plaintiff was scheduled for an appointment after waiting more than eight weeks for emergency care. *Id.* at 2–3. Carr, Stevens, and Does were responsible for the systematic deficiencies in dental care. *Id.* Plaintiff experienced pain for over eight weeks as a result of Defendants' failure to timely provide emergency dental care. *Id.* at 3. Additionally, Plaintiff was forced to get a root canal as a result of the delay in care; Plaintiff's tooth could have been saved but for the delay. *Id.* Plaintiff seeks both monetary damages and injunctive relief for the systematic deficiencies in dental care at the prison. *Id.* at 4.

3. **ANALYSIS**

The Court finds that Plaintiff may proceed against Carr, Stevens, and Does on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious dental needs. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health."

*Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed Carr, Stevens, and Does. Plaintiff alleges delayed dental treatment that caused tooth decay and significant pain for weeks. Plaintiff further alleges that Defendants were aware of the deficiencies in dental treatment and ignored the problem. As such, the Court finds that Plaintiff may proceed against Carr, Stevens, and Does on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious dental needs. The Court notes that while Carr and Stevens, given their positions, were likely not personally involved in Plaintiff's care, they may provide the injunctive relief Plaintiff seeks for the systematic dental care deficiencies. *See MCI Telecom Corp. v. Ill Bell Tel. Co.*, 222 F.3d 323, 336 (7th Cir. 2000) (discussing official capacity claims for ongoing violations of federal law as long as the remedy sought is "prospective injunctive or declaratory relief").

The Court will not, however, allow Plaintiff to proceed against the DOC. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State of Wisconsin nor the State's

Department of Corrections is a proper defendant." *Andreola v. Wisconsin*, 171 F. App'x 514, 515 (7th Cir. 2006). As such, the Court will dismiss DOC from this action for the failure to state a claim against it.

## 4. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Defendants Carr, Stevens, and Does for their deliberate indifference to Plaintiff's dental needs.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Defendant Wisconsin Department of Corrections be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the amended complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Carr and Stevens**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the amended complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the amended complaint, and Plaintiff should strongly consider filing a second amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common

Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 18th day of June, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge