# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEYONTAE CORNAIL STINSON,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN A. CARR, CHRISTOPHER STEVENS, JESSICA GROSS, DR. ANGELO PANOS, JOHN DOE DENTAL STAFF, and A. DEGROOT,<br><br>Defendants. | Case No. 25-CV-25-JPS<br><br>**ORDER** |

Plaintiff, Deyontae Cornail Stinson, a prisoner proceeding pro se and confined at Green Bay Correctional Institution ("GBCI") , filed a civil rights complaint along with multiple other plaintiffs. *See* ECF No. 1. On January 7, 2025, the Court severed the plaintiffs' case and Plaintiff Stinson now proceeds as the sole plaintiff in this case. ECF No. 2. On June 18, 2025, the Court screened the amended complaint and allowed certain claims to proceed. ECF No. 6. On June 4, 2026, the Court granted Plaintiff's motion to substitute the Doe defendants, denied Plaintiff's motion to amend the complaint for procedural reasons, and provided Plaintiff with guidance on how to amend the complaint. ECF No. 38. Now pending before the Court are Plaintiff's motion to amend the complaint, Defendants' motion to stay all case deadlines, and Plaintiff's motion to identify Doe defendants and motion for an extension of time. ECF Nos. 39, 42, 44.

First, the Court will grant Defendants' motion to stay all deadlines in the interest of addressing the pending motions. Next, the Court will grant Plaintiff's motion to amend the complaint, ECF No. 39, in the interest of justice to bring claims against additional defendants and to remove an

improperly named defendant. *See* Fed. R. Civ. P. 15. The Court therefore treats the second amended complaint, ECF No. 39-1, as the operative complaint going forward and will instruct the Clerk of Court to docket the same. Because Plaintiff does not name Lisa Merbach as a defendant in the second amended complaint, she will be terminated as a defendant in this action. The Court will deny Plaintiff's motion to identify the Doe defendant and motion for an extension of time as moot because new deadlines will issue in light of the amended complaint. The Court will enter new case deadlines after Defendants have filed a responsive pleading to the second amended complaint. The remainder of this Order screens Plaintiff's second amended complaint.

## 1. SCREENING THE SECOND AMENDED COMPLAINT

### 1.1 Screening Standard

When a plaintiff requests leave to proceed in forma pauperis, the Court must screen the complaint. *See* 28 U.S.C. § 1915(e)(2). If the court finds any of the following, then the "court shall dismiss the case": the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.*

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, a complaint must give "fair notice of what

the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 1.2 Plaintiff's Allegations

Plaintiff brings his second amended complaint against Defendants Kevin A. Carr ("Carr"), Christopher Stevens ("Stevens"), Jessica Gross ("Gross"), Dr. Angelo Panos ("Panos"), John Doe Dental Staff ("Does"), and A. Degroot ("Degroot"). ECF No. 39-1 at 1. On November 12, 2023, Plaintiff filed a request for dental services asking for a filling or extraction based on tooth pain. *Id.* The Does responded that Plaintiff was on the essential waiting list. *Id.* This response ignored Plaintiff's symptoms of tooth decay and pain. *Id.* at 2. Plaintiff wrote another request on November 30, 2023, indicating that his pain had gotten worse and that he needed to be seen. *Id.*

Again, the Does responded that Plaintiff would be seen as soon as practical. *Id.*

On December 1, 2023, Plaintiff filed an inmate grievance about his lack of dental care. *Id.* at 2–3. Panos and Degroot reviewed Plaintiff's grievance and could have ordered Plaintiff to receive proper dental care. *Id.* at 3. Plaintiff's grievance was dismissed, however, because he had not been on the essential list for eight weeks. *Id.* Panos and Degroot knew Plaintiff was in serious pain and failed to act. *Id.* Plaintiff's grievance was affirmed by the Office of the Secretary because he did not receive essential care within eight weeks of his request. *Id.* at 4. Stevens and Gross were notified of Plaintiff's dental needs. *Id.* Plaintiff alleges systematic deficiencies with DOC's dental care for inmates. *Id*. at 4–5. Specifically, Plaintiff takes issue with DAI policy and procedure 500.40.21 that allows inmates to wait eight weeks for emergency dental care. *Id.* After Plaintiff's inmate complaint appeal was affirmed, Plaintiff's dental care continued to be delayed. *Id.*

On March 31, 2026, Plaintiff filed another dental request for tooth pain on September 14, 2025. *Id.* at 5–6. Dental staff responded that Plaintiff was on the list for care; Plaintiff was not given any treatment to prevent dental decay and further damage. *Id.* at 6. On March 23, 2026, Plaintiff wrote Stevens about his request for dental care. *Id.* Stevens ignored Plaintiff's request for help. *Id.* On March 31, 2026, Plaintiff filed a grievance with DeGroot about Stevens's refusal to remove the policy about emergency dental work. *Id.* Plaintiff also provided that dental staff do not comply with the policy because Plaintiff and other inmates have to wait more than eight weeks for treatment. *Id.* DeGroot responded that Stevens does not have the authority to remove the policy. *Id.*

Carr, Stevens, and Gross were responsible for the systematic deficiencies in dental care. *Id.* at 10–12. Plaintiff seeks declaratory relief,

injunctive relief, and monetary damages for the systematic deficiencies in dental care at the prison and the pain he endured. *Id.* at 13–14.

### 1.3 Analysis

The Court finds that Plaintiff may proceed against Carr, Stevens, Panos, DeGroot, Gross, and the Does on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious dental needs. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

In *Ollison v. Gossett,* 136 F.4th 729 (7th Cir. 2025), the Seventh Circuit identified two categories of claims for deliberate indifference: (1) "claims of isolated instances of indifference to a particular inmate's medical needs"; and (2) "claims that systemic deficiencies at the prison's health care facility rendered the medical treatment constitutionally inadequate for all

inmates." *Id.* at *3. "Even though they are separate categories, '[t]he subjective state-of-mind element applies to claims of isolated incidents of indifference *and* pervasive deficiencies in prison medical treatment.'" *Id.* (quoting *Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022)). "'The general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability' for systemic deficiencies." *Id.* (quoting *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998)). "To prevail on a systemic deficiency claim, the plaintiff must demonstrate that 'there are such systemic and gross deficiencies in staffing, facilities, equipment, or procedures'" that they expose the prison population to violations of their Eighth Amendment rights. *Id.* (quoting *Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir. 1983)).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Carr, Stevens, Panos, DeGroot, Gross, and the Does based on the first category of deliberate indifference claims for isolated instances of indifference to Plaintiff's needs. Plaintiff alleges delayed dental treatment that caused tooth decay and significant pain on two separate occasions. Plaintiff further alleges that Defendants were aware of the deficiencies in dental treatment and ignored the problem.

Plaintiff may also proceed against Carr, Stevens, and Gross on a theory of systematic deficiencies in dental treatment. Plaintiff alleges that DAI policy 500.40 allows inmates to wait eight weeks for emergency dental care and that it creates a systematic deficiency for inmates' dental care. Plaintiff also alleges there is inadequate dental staffing and that prisoners often must wait more than eight weeks for emergent treatment. As the pleading stage, the Court will allow Plaintiff to proceed on the second category of Eighth Amendment claim for systematic deficiencies against Carr, Stevens, and Gross as well.

The Court will not, however, allow Plaintiff to proceed on a claim against DeGroot for his alleged interference with Plaintiff's right to redress grievances to the appropriate administrators. ECF No. 39-1 at 10. "The First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." *Jones v. Brown,* 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Further, Plaintiff appears to allege that DeGroot responded to Plaintiff's grievances. As such, the Court finds that Plaintiff fails to state a claim upon which relief can be granted on this basis.

## 2. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915:

**Claim One:** Eighth Amendment claim against Defendants Carr, Stevens, Panos, DeGroot, Gross, and the Does for their deliberate indifference to Plaintiff's dental needs.

**Claim Two:** Eighth Amendment claim against Defendants Carr, Stevens, and Gross for systematic deficiencies in dental care.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to file an amended complaint, ECF No. 39, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court docket the second amended complaint, ECF No. 39-1, as the operative complaint going forward;

**IT IS FURTHER ORDERED** that the Clerk of Court terminate Lisa Merbach as a Defendant on the docket;

**IT IS FURTHER ORDERED** that Defendants' motion to stay all case deadlines, ECF No. 42, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to identify Doe defendants and motion for an extension of time, ECF No. 44, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the second amended complaint, ECF No. 39-1, and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants Carr, Stevens, Panos, DeGroot, and Gross;

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the second amended complaint, ECF No. 39-1; and

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the second amended complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 2nd day of September, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.